# IN THE SUPREME COURT OF PENNSYLVANIA
## MIDDLE DISTRICT

IN RE: NOVEMBER 3, 2020 GENERAL ELECTION

PETITION OF: KATHY BOOCKVAR, SECRETARY OF THE COMMONWEALTH OF PENNSYLVANIA

: No. 149 MM 2020
:
:
:
:
:
:
:

## DISSENTING STATEMENT

**JUSTICE BAER**                                                    **FILED: October 14, 2020**

I dissent from the Court's order granting the Secretary of the Commonwealth, Kathy Boockvar's ("Secretary") application for King's Bench review to resolve the issue of whether, pursuant to the Election Code of Pennsylvania (Code), 25 P.S. §§ 2600-3591, signature comparison is warranted by county boards of elections in relation to absentee and mail-in ballots. In my view, there is no case or controversy for this Court to address and the legal question presented has been resolved in a federal lawsuit, *see infra*, thus, our exercise of jurisdiction would provide nothing more than an advisory opinion.

As indicated, no action has ever been filed in a lower court and the Secretary's application names no respondents. In substance, the Secretary's request to this Court is essentially a letter asking us to interpret a provision of the Code. While I recognize that in theory this Court may accept a King's Bench petition with no pending action and no opposing parties, the operative question is whether it should. In my respectful view, under the circumstances of this matter, the answer is a resounding no.

The Secretary's primary concern in seeking this Court's review emanated from a federal lawsuit, *Donald J. Trump for President, Inc. at al. v. Kathy Boockvar, et al.*, No. 2:20-cv-00966-NR (W.D. Pa. 2020). The Secretary explained that the plaintiffs to the

lawsuit argued that the Code authorizes and requires county boards of elections to set aside and challenge returned absentee and mail-in ballots that contain signatures that do not match a voter's signature in their permanent voter registration records. Because the Secretary took the contrary view of the Code, she had promulgated guidance indicating that "[t]he Pennsylvania Election Code does not authorize the county board of elections to set aside returned absentee or mail-in ballots based solely on signature analysis by the county board of elections." Department of State's September 11, 2020 *Guidance Concerning Examination of Absentee and Mail-in Ballot Return Envelopes* at 3. In seeking our King's Bench review, the Secretary indicates that she fears that without a resolution of this issue, certain county boards of elections might not follower her guidance and large numbers of ballots could be rejected on Election Day based on signature comparison, which could lead to disenfranchisement on an arbitrary and wholly subjective basis without advance warning to a voter or notice and an opportunity to be heard.

After the Secretary filed her application, the federal court resolved the pending lawsuit in the Secretary's favor and conclusively determined that the Code does not allow for signature comparison of absentee and mail-in ballots. *Donald J. Trump for President, Inc.*, *supra*, slip op. at 95-106. All of the county boards of elections were joined in that case and the federal court specifically indicated that the boards were obligated to follow the Secretary's guidance as the court's decision concluded that the Election Code does not warrant signature comparison with regard to absentee and mail-in ballots. *Id.* at 110-111 ("[T]o the extent there was uncertainty before, this decision informs the counties of the current state of the law as it relates to signature comparison. If any county still imposes a signature-comparison requirement in order to disallow ballots, it does so without support from the Secretary's guidance or the Election Code").

In my view, given that the Secretary did not provide the Court initially with a case regarding the question she asks us to address and that the federal court has resolved the controversy over interpretation of the Code in her favor, I see no basis for this Court to entertain further the Secretary's request for review. Accordingly, I would deny the application for King's Bench review.